UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

LUIS O. RUBIO on behalf of himself       :
and all others similarly situated, and      :
JOSE A. MENDEZ, and JOSE L. BENITEZ, individually,  :  **Case No.:**
                    :
           Plaintiffs,  :  **<u>COMPLAINT</u>**
                    :
     - against -        :
                    :
MARCHELLO'S GARDEN GRILL, INC.,      :
d/b/a GARDEN GRILL, and           :
BEACH HUT AT VENETIAN SHORES, INC.    :
d/b/a CEDAR BEACH, and            :
GLORIA MARSILIO and FRED MARSILIO, individually, :
                    :
         Defendants.  :

------------------------------------------------------------------------ X

      Plaintiffs LUIS O. RUBIO, on behalf of himself and all others similarly situated, and JOSE A. MENDEZ and JOSE L. BENITEZ, individually, by and through their attorneys, SHULMAN KESSLER LLP, complaining of the defendants MARCHELLO'S GARDEN GRILL, INC., d/b/a GARDEN GRILL, BEACH HUT AT VENETIAN SHORES, INC., d/b/a CEDAR BEACH, GLORIA MARSILIO and FRED MARSILIO (collectively, "defendants"), allege as follows:

## INTRODUCTION

      1.     Plaintiffs bring this action seeking monetary damages and affirmative relief based upon defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law (hereinafter referred to as "NYLL") and other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION & VENUE

      2.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §

1367.

3.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4.      Defendant MARCHELLO'S GARDEN GRILL, INC. does business in the State of New York, within the Eastern District of New York, maintaining a place of business at 64 N. Country Road, Smithtown, New York 11787.

5.      Defendant BEACH HUT AT VENETIAN SHORES, INC. does business in the State of New York, within the Eastern District of New York, maintaining a place of business at Cedar Beach, Ocean Parkway, Babylon, New York 11702.

6.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7.      Plaintiff LUIS O. RUBIO is a resident of the County of Suffolk, State of New York.

8.      At all times relevant to the Complaint, plaintiff LUIS O. RUBIO was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

9.      Plaintiff JOSE A. MENDEZ is a resident of the County of Suffolk, State of New York.

10.     At all times relevant to the Complaint, plaintiff JOSE A. MENDEZ was an "employee" within the meaning of NYLL § 190(2).

11.     Plaintiff JOSE L. BENITEZ is a resident of the County of Suffolk, State of New York.

12.     At all times relevant to the Complaint, plaintiff JOSE L. BENITEZ was an "employee"

within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

13. That the plaintiff LUIS O. RUBIO was employed by the defendants from on or about August 25, 2007 until on or about April 30, 2013.

14. That during the course of his employment with the defendants, the plaintiff LUIS O. RUBIO was a kitchen laborer.

15. That the plaintiff JOSE A. MENDEZ was employed by the defendants from on or about January 1, 1997 until on or about July 28, 2012.

16. That during the course of his employment with the defendants, the plaintiff JOSE A. MENDEZ was a kitchen laborer.

17. That the plaintiff JOSE L. BENITEZ was employed by the defendants from on or about April 1, 2008 until on or about March 15, 2013.

18. That during the course of his employment with the defendants, the plaintiff JOSE L. BENITEZ was a kitchen laborer.

19. Upon information and belief, defendant MARCHELLO'S GARDEN GRILL, INC. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

20. Upon information and belief, defendant MARCHELLO'S GARDEN GRILL, INC.'s principal place of business was and still is, 64 N. Country Road, Smithtown, New York, 11787.

21. Upon information and belief, and at all times hereinafter mentioned, the defendant MARCHELLO'S GARDEN GRILL, INC. was and still is engaged in the restaurant business.

22. Upon information and belief, the defendant MARCHELLO'S GARDEN GRILL, INC., was and still is doing business as GARDEN GRILL.

23.     At all times hereinafter mentioned, defendant MARCHELLO'S GARDEN GRILL, INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

24.     Upon information and belief, defendant BEACH HUT AT VENETIAN SHORES, INC. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

25.     Upon information and belief, defendant BEACH HUT AT VENETIAN SHORES, INC.'s principal place of business was and still is, Cedar Beach, Ocean Parkway, Babylon, New York 11702.

26.     Upon information and belief, and at all times hereinafter mentioned, the defendant BEACH HUT AT VENETIAN SHORES, INC. was and still is engaged in the restaurant business.

27.     Upon information and belief, the defendant BEACH HUT AT VENETIAN SHORES, INC., was and still is doing business as CEDAR BEACH.

28.     At all times hereinafter mentioned, defendant BEACH HUT AT VENETIAN SHORES, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

29.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO owns and/or operates the defendant MARCHELLO'S GARDEN GRILL, INC.

30.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is the President of the defendant MARCHELLO'S GARDEN GRILL, INC.

31.     Upon information and belief, and at all times hereinafter mentioned, the defendant

GLORIA MARSILIO is the Vice-President of the defendant MARCHELLO'S GARDEN GRILL, INC.

32.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is a shareholder of the defendant MARCHELLO'S GARDEN GRILL, INC.

33.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is a corporate officer of the defendant MARCHELLO'S GARDEN GRILL, INC.

34.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is the Chief Executive Officer of the defendant MARCHELLO'S GARDEN GRILL, INC.

35.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is an agent of the defendant MARCHELLO'S GARDEN GRILL, INC.

36.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO, has the authority over personnel decisions for the defendant MARCHELLO'S GARDEN GRILL, INC.

37.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO has the authority over payroll decisions for the defendant MARCHELLO'S GARDEN GRILL, INC.

38.      Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO supervised employees of the defendant MARCHELLO'S GARDEN GRILL, INC.

39.      Upon information and belief, and at all times hereinafter mentioned, the defendant

GLORIA MARSILIO has the authority to hire and fire employees for the defendant MARCHELLO'S GARDEN GRILL, INC.

40.     Defendant GLORIA MARSILIO has the power to make binding decisions for defendant MARCHELLO'S GARDEN GRILL, INC.

41.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO owns and/or operates the defendant MARCHELLO'S GARDEN GRILL, INC.

42.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the President of the defendant MARCHELLO'S GARDEN GRILL, INC.

43.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the Vice-President of the defendant MARCHELLO'S GARDEN GRILL, INC.

44.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is a shareholder of the defendant MARCHELLO'S GARDEN GRILL, INC.

45.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is a corporate officer of the defendant MARCHELLO'S GARDEN GRILL, INC.

46.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the Chief Executive Officer of the defendant MARCHELLO'S GARDEN GRILL, INC.

47.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is an agent of the defendant MARCHELLO'S GARDEN GRILL, INC.

48.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO, has the authority over personnel decisions for the defendant MARCHELLO'S GARDEN GRILL, INC.

49.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO has the authority over payroll decisions for the defendant MARCHELLO'S GARDEN GRILL, INC.

50.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO supervised employees of the defendant MARCHELLO'S GARDEN GRILL, INC.

51.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO has the authority to hire and fire employees for the defendant MARCHELLO'S GARDEN GRILL, INC.

52.     Defendant FRED MARSILIO has the power to make binding decisions for defendant MARCHELLO'S GARDEN GRILL, INC.

53.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO owns and/or operates the defendant BEACH HUT AT VENETIAN SHORES, INC.

54.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is the President of the defendant BEACH HUT AT VENETIAN SHORES, INC.

55.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO   is the Vice-President of the defendant BEACH HUT AT VENETIAN SHORES, INC.

56.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is a shareholder of the defendant BEACH HUT AT VENETIAN SHORES,

INC.

57.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO   is a corporate officer of the defendant BEACH HUT AT VENETIAN SHORES, INC.

58.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is the Chief Executive Officer of the defendant BEACH HUT AT VENETIAN SHORES, INC.

59.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO is an agent of the defendant BEACH HUT AT VENETIAN SHORES, INC.

60.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO has the authority over personnel decisions for the defendant BEACH HUT AT VENETIAN SHORES, INC.

61.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO has the authority over payroll decisions for the defendant BEACH HUT AT VENETIAN SHORES, INC.

62.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO supervised employees of the defendant BEACH HUT AT VENETIAN SHORES, INC.

63.     Upon information and belief, and at all times hereinafter mentioned, the defendant GLORIA MARSILIO has the authority to hire and fire employees for the defendant BEACH HUT AT VENETIAN SHORES, INC.

64.     Defendant GLORIA MARSILIO has the power to make binding decisions for

defendant BEACH HUT AT VENETIAN SHORES, INC.

65. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO owns and/or operates the defendant BEACH HUT AT VENETIAN SHORES, INC.

66. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the President of the defendant BEACH HUT AT VENETIAN SHORES, INC..

67. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the Vice-President of the defendant BEACH HUT AT VENETIAN SHORES, INC..

68. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is a shareholder of the defendant BEACH HUT AT VENETIAN SHORES, INC.

69. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is a corporate officer of the defendant BEACH HUT AT VENETIAN SHORES, INC.

70. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is the Chief Executive Officer of the defendant BEACH HUT AT VENETIAN SHORES, INC.

71. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO is an agent of the defendant BEACH HUT AT VENETIAN SHORES, INC.

72. Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO has the authority over personnel decisions for the defendant BEACH HUT AT VENETIAN SHORES, INC.

73.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO has the authority over payroll decisions for the defendant BEACH HUT AT VENETIAN SHORES, INC.

74.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO supervised employees of the defendant BEACH HUT AT VENETIAN SHORES, INC.

75.     Upon information and belief, and at all times hereinafter mentioned, the defendant FRED MARSILIO has the authority to hire and fire employees for the defendant BEACH HUT AT VENETIAN SHORES, INC.

76.     Defendant FRED MARSILIO has the power to make binding decisions for defendant BEACH HUT AT VENETIAN SHORES, INC.

77.     At all times hereinafter mentioned, defendant GLORIA MARSILIO, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

78.     At all times hereinafter mentioned, defendant FRED MARSILIO, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

79.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. have a unified payroll practice.

80.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. constitute a unified operation.

81.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT

VENETIAN SHORES, INC. constitute a common enterprise.

82.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. have interrelated operations.

83.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. have common management.

84.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. have a centralized control of labor relations.

85.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. have common ownership.

86.     Defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. share employees, including but not limited to, plaintiff LUIS. O. RUBIO.

87.     At all times hereinafter mentioned the defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. constituted a single employer.

88.     At all times hereinafter mentioned, the defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC. constituted an integrated enterprise.

89.     At all times hereinafter mentioned, the activities of the defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC., constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

90.     At all times hereinafter mentioned, defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC., employed employees, including the

plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

91.     At all times hereinafter mentioned, defendants MARCHELLO'S GARDEN GRILL, INC. and BEACH HUT AT VENETIAN SHORES, INC.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

92.     Plaintiff LUIS O. RUBIO was an employee of the defendants, working under their direct supervision.

93.     At all times hereinafter mentioned, plaintiff LUIS O. RUBIO was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times, his regular rate of pay after he had worked forty (40) hours in a work week.

94.     During most workweeks between August 31st and June 16th, plaintiff LUIS O. RUBIO worked more than seventy-two (72) hours, while employed by defendants.

95.     During the workweeks between August 31st and June 16th, plaintiff LUIS O. RUBIO worked at defendant MARCHELLO'S GARDEN GRILL, INC. d/b/a GARDEN GRILL restaurant location, as a kitchen laborer, while employed by defendants.

96.     During the workweeks between June 17th and August 30th, plaintiff LUIS O. RUBIO worked more than eighty-three (83) hours, while employed by defendants.

97.     During the workweeks between June 17th and August 30th, plaintiff LUIS O. RUBIO worked at defendant BEACH HUT AT VENETIAN SHORES, INC. d/b/a CEDAR BEACH

restaurant location, as a kitchen laborer, while employed by defendants.

98.     Defendants failed to compensate the plaintiff LUIS O. RUBIO for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with defendants.

99.     At all times hereinafter mentioned, plaintiff LUIS O. RUBIO worked more than ten (10) hours on most workdays in which he was employed by defendants.

100.    Defendants failed to compensate plaintiff LUIS O. RUBIO for time worked in excess of ten (10) hours per day.

101.    Plaintiff JOSE A. MENDEZ was an employee of the defendants, working under their direct supervision.

102.    At all times hereinafter mentioned, plaintiff JOSE A. MENDEZ was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

103.    Plaintiff JOSE A. MENDEZ worked more than seventy-two (72) hours in most workweeks in which he was employed by the defendants.

104.    Defendants failed to compensate the plaintiff JOSE A. MENDEZ for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendant.

105.    At all times hereinafter mentioned, plaintiff JOSE A. MENDEZ worked more than ten (10) hours on most workdays in which he was employed by defendants.

106.    Defendants failed to compensate plaintiff JOSE A. MENDEZ for time worked in excess of ten (10) hours per day.

107.     Plaintiff JOSE L. BENITEZ was an employee of the defendants, working under their direct supervision.

108.     At all times hereinafter mentioned, plaintiff JOSE L. BENITEZ was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times, his regular rate of pay after he had worked forty (40) hours in a work week.

109.     Plaintiff JOSE L. BENITEZ worked more than seventy-two (72) hours in most workweeks in which he was employed by the defendants.

110.     Defendants failed to compensate the plaintiff JOSE L. BENITEZ for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

111.     At all times hereinafter mentioned, plaintiff JOSE L. BENITEZ worked more than ten (10) hours on most workdays in which he was employed by defendants.

112.     On numerous occasions, plaintiffs did not receive the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period.

113.     Defendants failed to compensate plaintiff JOSE L. BENITEZ for time worked in excess of ten (10) hours per day.

114.     Defendants failed to compensate the plaintiff LUIS O. RUBIO at no less than the applicable minimum wage rate.

115.     Defendants failed to compensate the plaintiff JOSE A. MENDEZ at no less than the minimum wage rate.

116.     Defendants failed to compensate the plaintiff JOSE L. BENITEZ at no less than the

14

applicable minimum wage rate.

117.    Defendants failed to furnish the plaintiff LUIS O. RUBIO with accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages.

118.    Defendants failed to furnish the plaintiff JOSE A. MENDEZ with accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages.

119.    Defendants failed to furnish the plaintiff JOSE L. BENITEZ with accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages.

120.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets, payroll records and post compliance posters.

## COLLECTIVE ACTION CLAIMS

121.    Upon information and belief, there are approximately eight (8) current and former employees that are similarly situated to the plaintiff LUIS O. RUBIO, who have been denied overtime compensation and the minimum wage. The plaintiff LUIS O. RUBIO represents other kitchen laborers and is acting on behalf of the defendants' current and former employees' interests as well as his own interests in bringing this action.

122.    Plaintiff LUIS O. RUBIO seeks to proceed as a collective action with regard to the First and Third Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

All persons who are currently, or have been employed by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who were kitchen laborers.

123. Former and current employees similarly situated to plaintiff LUIS O. RUBIO are readily identifiable and locatable through use of the defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff LUIS O. RUBIO who have been unlawfully deprived of overtime pay and minimum wages, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

**AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF LUIS O. RUBIO,
AND THE FLSA COLLECTIVE CLASS, AND
JOSE A. MENDEZ AND JOSE L. BENITEZ, INDIVIDUALLY,
FOR FAILURE TO PAY OVERTIME,
A FLSA VIOLATION**

124. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "123" of the Complaint, with the same force and effect, as if fully alleged herein.

125. Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

126. The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the

exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

127.    The plaintiffs have expressed their consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit "A," annexed hereto).

128.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.


**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS LUIS O. RUBIO, JOSE A. MENDEZ,
AND JOSE L. BENITEZ,
FOR FAILURE TO PAY OVERTIME,
A NYLL VIOLATION**

129.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "128" of the Complaint, with the same force and effect, as if fully alleged herein.

130.    Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of the NYLL.

131.    The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

132.    By the course of conduct set forth above, defendants have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-1.4.

133.    Defendants had a policy and practice of refusing to pay overtime compensation to its employees, which included plaintiffs.

134.    Defendants' failure to pay overtime compensation to the plaintiffs was willful within the meaning of NYLL § 663.

135.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the defendants' unlawful and willful conduct, as the Court deems just and proper.

136.    Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF LUIS O. RUBIO,
AND THE FLSA COLLECTIVE CLASS, AND
JOSE A. MENDEZ AND JOSE L. BENITEZ, INDIVIDUALLY,
FOR FAILURE TO PAY MINIMUM WAGE,
A FLSA VIOLATION**

137.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "136" of the Complaint, with the same force and effect, as if fully alleged herein.

138.    At all relevant times, plaintiffs were defendants' employees within the meaning of 29 U.S.C. § 203(e)(1).

139.    At all relevant times, defendants were plaintiffs' employer within the meaning of 29 U.S.C. § 203(d).

140.    At all relevant times, plaintiffs and defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

141.    At all relevant times, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

142.    Defendants willfully failed to pay plaintiffs the minimum wages for all hours worked, in violation of FLSA, 29 U.S.C. § 206(a).

143.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF
## PLAINTIFFS LUIS O. RUBIO, JOSE A. MENDEZ, AND JOSE L. BENITEZ,
## FOR FAILURE TO PAY MINIMUM WAGE,
## A NYLL VIOLATION

144.    Plaintiffs LUIS O. RUBIO, JOSE A. MENDEZ, and JOSE L. BENITEZ repeat and reallege each and every allegation contained in paragraphs "1" through "143" of the Complaint, with the same force and effect, as if fully alleged herein.

145.    At all times relevant to this action, the state minimum wage was $7.15 per hour on or after January 1, 2007 and $7.25 per hour on or after July 24, 2009; as codified by NYLL § 652(1).

146.    Defendants willfully violated plaintiffs' rights by failing to pay plaintiffs the minimum wage for all hours of work performed each week, in violation of NYLL § 650 *et seq.*

147.    Due to defendants' NYLL violations, plaintiffs are entitled to recover from defendants their unpaid regular wages, liquidated damages, reasonable attorneys' fees, and costs of this action

pursuant to NYLL § 663(1).

<strong>AS AND FOR A FIFTH CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFFS<br>LUIS O. RUBIO, JOSE A. MENDEZ, AND JOSE L. BENITEZ,<br>FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER<br>OF THE NEW YORK COMMISSIONER OF LABOR,<br>A NYLL VIOLATION</strong>

148.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "147"of the Complaint, with the same force and effect, as if fully alleged herein.

149.     Defendants failed to pay plaintiffs one (1) additional hour pay at the basic minimum wage rate before allowances for each day plaintiffs' spread of hours exceeded ten (10) hours, in violation of N.Y. Lab. Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 142-1.6.

150.     Defendants failed to pay plaintiffs in a timely fashion, as required by Article 6 of the NYLL.

151.     Defendants' failure to pay plaintiffs an additional hour pay for each day plaintiffs' spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

152.     As a result of the foregoing, plaintiffs have been injured, and defendants have profited thereby, in an amount to be proven at trial.

<strong>AS FOR THE SIXTH CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFFS<br>LUIS O. RUBIO, JOSE A. MENDEZ, AND JOSE L. BENITEZ,<br>FOR VIOLATION OF NOTICE AND RECORD-KEEPING REQUIREMENTS<br>A NYLL VIOLATION</strong>

153.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "152" of the Complaint, with the same force and effect, as if fully alleged herein.

154.     Defendants failed to supply plaintiffs with a notice as required by NYLL, Article 6, §

195, in English or in the language identified by plaintiffs as their primary language, containing plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

155.     Defendants failed to supply plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

156.     Due to defendants' violations of NYLL § 195, each plaintiff is entitled to damages of fifty dollars for each workweek that defendants failed to provide plaintiffs with a wage notice, or a total of twenty-five hundred dollars, and damages of one hundred dollars for each workweek that defendants failed to provide plaintiffs with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.


## PRAYER FOR RELIEF

WHEREFORE, plaintiff LUIS O. RUBIO, on behalf of himself and the putative FLSA Collective Class, and JOSE A. MENDEZ and JOSE L. BENITEZ, individually, pray for the following relief on the first cause of action:

a.  Judgment against defendants for plaintiffs' unpaid back wages at the applicable overtime rate;

b.  An equal amount to the overtime wage damages as liquidated damages;

c.  Judgment against defendants that their violations of the FLSA were willful;

d.  To the extent liquidated damages are not awarded, an award of prejudgment interest;

e.  All costs and attorneys' fees incurred prosecuting these claims; and

f.  For such further relief as the Court deems just and equitable.


WHEREFORE, plaintiffs pray for the following relief, on the second cause of action:

a.  Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable overtime rate;

b.  Liquidated damages at the applicable rate;

c.  All costs and attorneys' fees incurred in prosecuting these claims; and

d.  For further relief as this Court deems just and equitable.


WHEREFORE, plaintiff LUIS O. RUBIO, on behalf of himself and the putative FLSA Collective Class, and JOSE A. MENDEZ and JOSE L. BENITEZ, individually, pray for the following relief on the third cause of action:

a.  Judgment against defendants for plaintiffs' unpaid back wages at the applicable rate;

b.  An equal amount to the wage damages as liquidated damages;

c.      Judgment against defendants that their violations of the FLSA were willful;

d.      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e.      All costs and attorneys' fees incurred prosecuting these claims; and

f.      For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief on the fourth cause of action:

a.      Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable rate;

b.      Liquidated damages at the applicable rate;

c.      All costs and attorneys' fees incurred in prosecuting these claims; and

d.      For further relief as this Court deems just and equitable.

WHEREFORE, plaintiffs, pray for the following relief, on the fifth cause of action:

a.      Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable rate;

b.      Liquidated damages at the applicable rate;

c.      All costs and attorneys' fees incurred in prosecuting these claims; and

d.      For further relief as this Court deems just and equitable.

WHEREFORE, the plaintiffs pray for the following relief, on the sixth cause of action:

a.      Damages of fifty dollars to each plaintiff for each workweek that defendants failed to provide plaintiffs with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

b.      Damages of one hundred dollars for each plaintiff for each workweek that defendants failed to provide plaintiffs with accurate wage statements, or a total of twenty-five

hundred dollars, as provided for by NYLL, Article 6 § 198;

c.     All costs and attorneys' fees incurred prosecuting these claims;

d.     Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law Article 6 § 190 *et seq.*;

e.     An injunction requiring defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law Article 6 § 190 *et seq.*; and

f.     For such further relief as the Court deems just and equitable.

Dated: Melville, New York
      January 22, 2014

Yours, etc.,

SHULMAN KESSLER LLP

By:    */s/ Troy L. Kessler*
      Troy L. Kessler
      Marijana F. Matura
      Ilan Weiser
*Attorneys for Plaintiffs and the*
*Putative FLSA Collective Class*
510 Broadhollow Road, Suite 110
Melville, New York 11747
(631) 499-9100